UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

JOHN ARTHUR SAUS, ET AL.               CIV. ACTION NO. 3:25-00130

VERSUS                                 JUDGE TERRY A. DOUGHTY

E D C TRANSPORTATION, L. L. C.,        MAG. JUDGE KAYLA D. MCCLUSKY
ET AL.

## O R D E R

On February 5, 2025, Defendants EDC Transportation, L.L.C. ("EDC") and Arturo Guadalupe ("Guadalupe"); plus non-party, MS *Traverse* Specialty Insurance Company ("Traverse") (collectively, the "removing parties") removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal). Federal courts, however, are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing federal jurisdiction rests with the party invoking the federal forum. *Id*. Further, when jurisdiction depends on diversity of citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source). This rule requires "strict adherence." *Id*.

Having reviewed the record, the court notes the following deficient or ambiguous allegation(s) of jurisdiction:

**First**, the removing parties allege that Plaintiffs John Arthur Saus and Bonna Saus (collectively, "Plaintiffs") are citizens of Louisiana. (Notice of Removal, ¶ 12). The removing parties apparently derived this inference from Plaintiffs' Petition because, in the preceding sentence, they reference Plaintiffs' allegation that they both *reside* in Shreveport, Louisiana. *Id*.

For individual parties, however, the courts have equated *domicile* with citizenship. *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974). "Domicile" is not synonymous with "residence;" one can reside at one place but be domiciled in another, and one can have more than one residence, but only one domicile. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608 (1989).[1] Therefore, the removing parties must identify the State(s) where Plaintiffs are **domiciled**.[2]

**Second**, Traverse, "formerly Transverse," joined in the Notice of Removal. *See* Notice of Removal, ¶ 6. However, Plaintiffs sued MS *Transverse* Specialty Insurance Company ("MS Transverse"), which also filed an answer as MS *Transverse*. *See* Answer [doc. # 5]. Nonetheless, the removing parties provided the citizenship for Traverse, a non-party. If Traverse *is* the proper party, then the parties should substitute Traverse as defendant in lieu of MS Transverse. Failing that, the removing parties must allege whether MS Transverse is a corporation,[3] a limited liability company, or some other type of unincorporated association. *Id*.

If MS Transverse is a *corporation*, then the removing parties shall so allege and set forth its **state of incorporation** and its **principal place of business**.[4] Alternatively, if Transverse is a

---

[1] This pleading detail is explained in the court's Notice of Diversity Jurisdiction Disclosure Statement Requirement. *See* doc. # 2. However, there is no indication that Plaintiffs ever filed their disclosure statement in accordance therewith and/or FED. R. CIV. P. 7.1.

[2] Pursuant to the amendment to Rule 7.1, Plaintiffs are obliged to assist the removing parties with this endeavor. *See* Fed. R. Civ. P. 7.1.

[3] A "company" is not necessarily a "corporation."

[4] In diversity cases involving corporations, "allegations of citizenship must set forth the **state of incorporation** as well as the **principal place of business** of each corporation." *Getty Oil*, 841 F.2d at 1259 (citation omitted); *see also*, *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983) (emphasis added) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere

*limited liability company* ("LLC") or some other type of *unincorporated association*, then the removing parties shall so allege, and identify the citizenship of all of MS Transverse's **members**.[5]  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).[6]

**Third**, the removing parties alleged that EDC is a corporation incorporated in the State of Texas, with its principal place of business in said State.  *See* Notice of Removal, ¶ 14; Defs.' Diversity Disclosure Statement [doc. # 1-6].  While the foregoing suffices to allege the citizenship of a corporation, the Court questions whether EDC is, in fact, a corporation because its name includes an "LLC" suffix, which ordinarily denotes a limited liability company.  Accordingly, if EDC *is* a corporation, then the removing parties shall adduce supporting evidence to establish same.  If, after further review, the removing parties discern that EDC is an LLC, then they shall identify EDC's **members (**not their *owner(s) or operators*),[7] and their

---

inference); *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (alleging that defendant is incorporated in a state "other than" that of plaintiff is insufficient).  Moreover, simply alleging that a corporation is a "foreign insurer" does not suffice for jurisdictional purposes.  *Getty Oil,* 841 F.2d at 1259-1260.  The Court also stresses that "principal place of business" is a term of art.

[5] Moreover, for each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be *identified* and traced up the chain of ownership **until one reaches only individuals and/or corporations**.  *Lewis v. Allied Bronze, LLC*, 2007 WL 1299251 (E.D. N.Y. May 2, 2007); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (suggesting that to discern the citizenship of an LLC, the court must trace citizenship "down the various organizational layers"); *Feaster v. Grey Wolf Drilling Co.*, 2007 WL 3146363, *1 (W.D. La. Oct. 25, 2007) ("citizenship must be traced through however many layers of members or partners there may be").

[6] Under Louisiana law, a limited liability company is an unincorporated association.  La. R.S. 12:1301A(10).

[7]  *See SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 408 (5th Cir. 2023) (distinguishing "ownership" from "membership" for purposes of LLC citizenship).

citizenship.[8]

Accordingly, within the next seven days from the date of this order, the removing parties are granted leave of court to file an amended notice of removal that establishes diversity jurisdiction.  *See* 28 U.S.C. § 1653.  If they fail to comply, or if subject matter jurisdiction is found to be lacking, then remand will be recommended.[9]

In addition, when, as here, the state court petition seeks a money judgment, but state law does not permit a demand for a specific sum, then the removing defendant(s) may assert the amount in controversy in its notice of removal, which "should be accepted when not contested by the plaintiff or questioned by the court."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81; 135 S.Ct. 547, 554; (2014); 28 U.S.C. § 1446(c)(2)(A).  Here, however, the Court questions whether the amount in controversy exceeded the jurisdictional minimum at the time of removal.[10]

---

[8] Of course, if the members are individuals, then the removing parties must allege where they are *domiciled*, not where they *reside*.  *See* discussion, *supra* and Defs. Corp. Discl. Statement [doc. # 1-7] (identifying EDC's *owners* and alleging where they *reside*).

[9] This is not a hyper-technical exercise favoring form over substance, but necessary adherence to the requirement that the Fifth Circuit takes seriously.  *See, e.g., Settlement Funding, L.L.C. v. Rapid Settlements, Limited*, 851 F.3d 530 (5th Cir. 2017) (party asserting jurisdiction failed to establish complete diversity, thereby requiring vacatur of the district court's judgment, with instructions to remand the matter to state court after four years of litigation); *Mullins v. Testamerica, Inc.*, 300 Fed. App'x. 259 (5th Cir. 2008) (remanding to district court to address deficient jurisdictional allegations); *Smitherman v. Bayview Loan Servicing, L.L.C.*, 2017 WL 113919 (5th Cir. Jan. 11, 2017) (remanding to district court because notice of removal did not identify members of LLC or their citizenship); *Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001) (dismissing case because record did not contain allegations establishing complete diversity).

[10] The removing parties premised removal on Plaintiffs' request for damages in excess of $75,000 "for both petitioners," which the removing parties characterized as Plaintiffs' "total claim for damages."  *See* Notice of Removal, ¶16 and Petition, Prayer.  However, it is not clear whether Plaintiffs are alleging that *each* of their claims exceeds $75,000 or whether their

4

Accordingly, within the next 14 days from the date of this order, the removing parties shall file a memorandum, *together with supporting evidence*, sufficient to establish that the requisite jurisdictional amount was in controversy at the time of removal.  Plaintiffs may submit a response (and evidence) within seven days thereafter, as warranted.  If the removing parties fail to so comply, or if subject matter jurisdiction is found to be lacking, then remand will be recommended.

IT IS SO ORDERED.

In Chambers, at Monroe, Louisiana, on this 5th day of May, 2025.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE

---

*combined* claims exceed $75,000.  Of course, the general rule is that, for the purpose of § 1332's amount in controversy requirement, multiple plaintiffs may not add together "separate and distinct demands" to meet the requisite jurisdictional threshold.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995) (citations omitted).  Instead, defendants must show that at least one plaintiff's claims, *individually*, exceeds $75,000, whereupon the court may exercise supplemental jurisdiction over the remaining plaintiff's claims.  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005).